UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHWESTERN DIVISION

| | |
|---|---|
| **RITA MOSS,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | Case No. 3:21-cv-1241-LCB |
| § | |
| **KILOLO KIJAKAZI, Acting** § | |
| **Commissioner of Social Security,** § | |
| § | |
| **Defendant.** § | |

# OPINION

Rita Moss timely appeals a final decision of the Commissioner of Social Security under 42 U.S.C. § 405(g), claiming that the Commissioner erroneously denied her application for Disability Insurance Benefits. (Doc. 1 at 1.) As the following discussion makes clear, Moss has failed to point out any reversible error in the Commissioner's decision, and the Court therefore affirms the decision below.

**I.   STATUTORY FRAMEWORK & STANDARD OF REVIEW**

The Social Security Act[1] defines disability, in relevant part, as the "inability to engage in any substantial gainful activity by reason of any medically determinable

---

\**Nota bene:* Citations to specific pages of documents filed in this case refer to pagination generated by the header electronically imprinted on the document by ECF, the Court's electronic filing system.

[1] Throughout this opinion, the Court cites to and applies the regulations in effect at the time of the ALJ's decision. *See Ashley v. Commissioner*, 707 F. App'x 939, 944 n.6 (11th Cir. 2017) (per curiam) (directing courts to apply "regulations in effect at the time of the ALJ's decision).

physical or mental impairment . . . expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d). An individual is deemed disabled only if the impairment is "of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.*

Pursuant to that definition, an administrative law judge (ALJ) reaches his disability determination pursuant to a sequential, five-step analysis:

(1) Is the claimant engaged in substantial gainful activity?
(2) Does the claimant have a severe impairment?
(3) Does the claimant have an impairment or combination of impairments that meets or medically equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1?
(4) Is the claimant able to perform former relevant work?
(5) Is the claimant able to perform any other work within the national economy?

20 C.F.R. § 404.1520(a), 416.920(a); *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). Those steps are consecutive; for example, an ALJ reaches step 4 only if a claimant is not engaged in substantial gainful activity (step 1), has a severe impairment (step 2), and does not have an impairment or combination of impairments that meets or medically equals a listed impairment (step 3). *See McDaniel*, 800 F.2d at 1030; *see also Wolfe v. Chater*, 86 F.3d 1072, 1077 (11th Cir. 1996) (noting that claimant bears burden of proof through step four, and Commissioner bears burden of proof at step five).

If the claimant is able to perform former relevant work (step 4), she is not disabled. *McDaniel*, 800 F.2d at 1030 (citing 20 C.F.R. § 416.920). To determine a claimant's ability to perform prior work, the ALJ must first determine the claimant's residual functional capacity (RFC). 20 C.F.R. § 404.1520(e); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004) (*superseded by statute on other grounds*, *Jones v. Soc. Sec. Admin*, 2022 WL 3448090, at *1 (11th Cir. Aug. 17, 2022)). RFC is "the most [the claimant] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). And "the task of determining a claimant's [RFC] and ability to work rests with the administrative law judge, not a doctor." *Moore v. Soc. Sec. Admin.*, 649 F. App'x 941, 945 (11th Cir. 2016) (citing 20 C.F.R. § 404.1546(c)).

Should an ALJ determine that a claimant is not disabled—*e.g.,* that her RFC permits performance of former relevant work—the claimant may request review of the ALJ's decision before the Social Security Appeals Council. 20 C.F.R. § 416.1467. If the appeals council denies review, the ALJ's decision becomes the final administrative decision of the Commissioner, 20 C.F.R. § 416.1481, and the claimant may seek judicial review of the Commissioner's decision in federal district court., 42 U.S.C. § 405(g).

The district court, however, is limited in its review of the Commissioner's final decision and may not disturb the Commissioner's factual findings if substantial evidence supports them. *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991).

Substantial evidence "is more than a scintilla, but less than a preponderance." *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990) ("Even if the evidence preponderates against the Secretary's factual findings, we must affirm if the decision reached is supported by substantial evidence."). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "It means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 206 (1938); *see also Martin*, 894 F.2d at 1529 (same); *Dickinson v. Zurko*, 527 U.S. 150, 153 (1999) (comparing to the deferential "clearly erroneous" standard).

## II.   BACKGROUND

Pursuant to Title II of the Social Security Act, Moss filed for disability insurance benefits on August 26, 2017, alleging a disability-onset date of April 5, 2017. (Doc. 10 at 3.) After her application was administratively denied (Doc. 10 at 3), Moss obtained evidentiary hearings before an ALJ on May 23, 2019, and

September 12, 2019.[2] At those hearings, Moss testified[3] that "pain prevented her from working" and that "[s]he stopped working because of pain and [resulting] concentration problems." (Doc. 6-4 at 15.)

The ALJ ultimately denied Moss's claim on January 28, 2021 (Doc. 6-4 at 9–19). At steps one through three, the ALJ found as follows: (1) Moss has not engaged in substantial gainful activity since April 5, 2017, the disability onset date; (2) Moss has several severe[4] impairments; and (3) Moss's impairments do not meet or medically equal the severity of one listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Doc. 6-4 at 12–7.)

Before proceeding to step four, the ALJ determined that Moss has the RFC to perform "light work,"[5] subject to a couple of specific limitations.[6] (Doc. 6-4 at 15.) In so determining, the ALJ found that Moss's "medically determinable impairments

---

[2] (*See Hr'g Trs.*, Doc. 6-5 at 2–45.) After the first evidentiary hearing, the ALJ denied Moss's claim. (Doc. 6-6 at 20–29.) Upon review, the appeals council vacated the ALJ's September 12 decision and remanded the matter for further proceedings. (Doc. 6-6 at 37.) More specifically, the appeals council instructed the ALJ to "[c]larify the nature and length [Moss's] self-employment work as a cosmetologist" and "[g]ive further consideration to whether [Moss] has past relevant work and, if so, can perform it." (Doc. 6-6 at 37.) The remand hearing took place on September 30, 2020 (See Doc. 6-5 at 2–29).

[3] Moss adopts the ALJ's recitation of all hearing testimony as true and correct. (Doc. 10 at 4.)

[4] Namely, the ALJ found the following severe impairments: of osteoarthritis, status post anterior cervical discectomy and fusion at C6-7, and obesity. (Doc. 6-4 at 12–14.)

[5] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

[6] For example, the ALJ concluded that Moss "should not work on ladders, ropes, or scaffolds; at unprotected heights; or around dangerous machinery." (Doc. 6-4 at 15.)

could reasonably be expected to cause [her] alleged symptoms," but that her "statements concerning the intensity, persistence and limiting effects of these symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (Doc. 6-4 at 15–16.)

After determining Moss's RFC, the ALJ proceeded to step four and found that Moss is capable of performing her past work as a cosmetologist. (Doc. 6-4 at 10.) The ALJ thus concluded that Moss is not disabled under the Social Security Act. (Doc. 6-4 at 10–11.) The appeals council declined Moss's request for further review—adopting the ALJ's decision as the Commissioner's final decision—on July 16, 2021. (Doc. 6-3 at 2–4.) Moss timely sought this Court's review.

## III. DISCUSSION

Moss alleges that the ALJ's decision—namely, his determination of her RFC—"is not supported by substantial evidence" because he "failed to properly consider [her] . . . reports [of] pain, achiness, and fatigue." (Doc. 10 at 5, 7, 8, 12.) Stated differently, Moss contends that "[t]he ALJ failed to consider the evidence in its entirety and ignored or minimized evidence in the record that supports [her] allegations." (Doc. 10 at 13.) This Court, however, is powerless to set aside the ALJ's factual findings, which, for the forthcoming reasons, are supported by substantial evidence.

"A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain." *Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995) (per curiam). In such cases, the Eleventh Circuit's applies the "pain standard," which demands "evidence of an underlying medical condition," together with "objective medical evidence" either "confirm[ing] the severity of the alleged pain arising from that condition" or showing "that it can be reasonably expected to give rise to the alleged pain." *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (per curiam).

"[O]nce such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561. If, in light of the record as a whole, "the ALJ decides not to credit a claimant's testimony as to her pain, he must articulate explicit and adequate reasons for doing so." *Id.* at 1561–62. In fulfilling that obligation, the ALJ need not "specifically refer to every piece of evidence in his decision,' so long as the decision is sufficient to allow [the reviewing court] to conclude the ALJ considered the claimant's medical condition as a whole." *Brown v. Barnhart*, 158 F. App'x 227, 228 (11th Cir. 2005) (per curiam) (quoting *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005)). At day's end, "credibility determinations are the province of the ALJ." *Id.* (quoting *Moore v. Barnhart*, 405

F.3d 1208, 1212 (11th Cir. 2005)), and the reviewing court may "not re-weigh the evidence, decide facts anew, or make credibility findings." *Cooper v. Commissioner*, 521 F. App'x 803, 805 (11th Cir. 2013) (citing *Winschel v. Commissioner*, 631 F.3d 1176, 1178 (11th Cir.2011)).

In this case, the ALJ did not fail to consider Moss's testimony regarding the intensity, persistence, and functionally limiting effects of her symptoms. He merely evaluated the record as a whole and determined that Moss is not disabled—namely, that Moss has the RFC to perform a range of light work, including her prior work as a cosmetologist. At each turn, the ALJ explicitly articulated adequate reasons for discrediting the aforementioned testimony.

The ALJ accepted that Moss's "medically determinable impairments could reasonably be expected to cause [Moss's] alleged symptoms" *but* explained that the objective evidence as a whole does not support Moss's testimony regarding the extent of her symptoms. (Doc. 6-4 at 15–16.) The ALJ explicitly cited numerous, adequate examples of record evidence—including Moss's treatment and diagnostic records from April 2017 to October 2020—supporting both his valuation of Moss's testimony and his ultimate RFC/disability determination. The ALJ's decision makes clear that he considered the record, in its entirety, to arrive at those factual determinations. And this Court, having likewise reviewed the entire record, finds no

basis for concluding that the ALJ's decision lacks substantial evidentiary support. The Court is therefore obligated to affirm.

Moss has proffered no meaningful argument to the contrary. (*See generally* Doc. 10.) She merely points to individual pieces of evidence in support of her preferred outcome and, on the basis of weight she assigns to the evidence, asks this Court to conclude that the ALJ's unfavorable decision must necessarily lack substantial evidentiary support. For example, in support of that contention, Moss cites her own symptom-related allegations (Doc. 10 at 7), which the ALJ expressly considered (Doc. 10 at 16). Moss has done nothing "more than point to evidence in the record that supports her position"; having failed to "show the absence of substantial evidence supporting the ALJ's conclusion," Moss has left this Court with no option but to affirm the determination below. *Sims v. Commissioner*, 706 F. App'x 595, 604 (11th Cir. 2017) (per curiam) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991)).

## IV.   CONCLUSION

Moss has shown no error in the Commissioner's decision below, and upon review of the record, the Court is convinced that the ALJ—as demonstrated in his written decision—considered the record in its entirety.

Accordingly, the Court **AFFIRMS** the Commissioner's decision and **DISMISSES** this case with prejudice. The Court will enter a final judgment by separate order.

**DONE** and **ORDERED** March 31, 2023.

_____
**LILES C. BURKE**
UNITED STATES DISTRICT JUDGE